# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JUWAN HALL, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV415-251 CR408-310 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Juwan Hall moves for 28 U.S.C. § 2255 relief. CR408-310, doc. 71.[1] Represented by counsel, he pled guilty to and was sentenced for carjacking on June 24, 2009. Docs. 36 & 37. He also waived his direct and collateral appeal rights. Doc. 36 at 8. Unsurprisingly, he took no appeal. And his post-judgment correspondence with this Court indicates that he knew about his § 2255 rights. *See, e.g.*, docs. 44, 46, 47, 48 (2013 Hall to Court communications addressing his interest, which he later

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

withdrew, about advancing a factual-innocence § 2255 claim). On October 23, 2013, Hall signed a Notice of Appeal from the June 24, 2009 judgment.[2] Doc. 49 (filed November 5, 2013); *see also* doc. 53 (January, 2, 2014, Order granting Hall new counsel on appeal). On September 30, 2014, this Court received the Eleventh Circuit's dismissal of that appeal on untimeliness grounds. Doc. 72.

Hall had one year from the date his June 24, 2009 conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). Under Fed. R. App. P. 4(b)(1)(A)(i), he had 10 days from the entry of the June 24, 2009 judgment against him to file his notice of appeal.[3] Hall did not. Section 2255(f)'s one-year clock thus began to tick on July 6, 2009 (the tenth day fell on a Saturday, July 4, so Monday July 6, became his deadline).

---

[2] The Eleventh Circuit explains that

> [i]n *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Supreme Court decided *pro se* prisoner notices of appeal to federal courts of appeals are to be considered filed at the moment the notice is delivered to prison authorities for forwarding to the courts. . . . And in cases like *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001), this Court extended the Houston time-of-filing rule to pro se prisoner motions to vacate: 28 U.S.C. § 2255.

*Natson v. United States*, 494 F. App'x 3, 4 (11th Cir. 2012) (footnote omitted).

[3] The number has since increased to 14, *see* Fed. R. App. P. 4 (2009 Amendment Notes), but the difference is immaterial here.

*Staake v. United States*, 2007 WL 2050939 at *2 (M.D. Fla. July 16, 2007).

Nor does Hall contend that any of his post-conviction filings (*e.g.*, doc. 39, his "Petition for Case Records") stopped or somehow restarted the § 2255(f) clock. *See Philentrope v. United States*, 2011 WL 4913569 at * 2 (M.D.Fla. Oct. 14, 2011) ("An untimely filed notice of appeal does not toll the one year limitation period contained in § 2255."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

Finally, Hall did not "signature-file" the instant § 2255 motion until July 2, 2015, which is 2,187 days too late. Doc. 71 at 13. His § 2255 motion therefore is untimely by a long shot. In that motion, Hall's claim (in Ground One) that in 2009 he asked counsel to file an appeal, fails. Doc. 71 at 4; *see also id.* at 12 (he contends that his § 2255 motion is "timely under 2255(f)(4) [based] on Ground One"). That's an ineffective assistance of counsel claim which sounds in habeas, and thus is properly raised under § 2255. Even if it is accepted as true and as an

implied equitable tolling argument,[4] the Court rejects it because Hall knew about it in 2009 yet has sought no relief on it until July 2, 2015. That's also too late. *See Luda v. Sec'y, Fla Dep't of Corr.*, 469 F. App'x 834, 835 (11th Cir. 2012) ("Because Luda has failed to demonstrate either that his untimely filing was the result of extraordinary circumstances or that he acted with diligence in pursuing his habeas rights, he is unentitled to equitable tolling."); *Perry v. Diguglielmo*, 2008 WL 564981 at * 10 (W.D. Pa. Feb. 29, 2008) (no equitable tolling because petitioner failed to timely act in the face of claimed attorney abandonment).

Hall's § 2255 motion should be **DENIED** and his civil case (CV415-251) should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. §

---

[4] Such tolling can be applied to prevent the application of the one-year deadline if a movant "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this 24TH day of September, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA