# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JUWAN HALL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV415-251 |
| | ) | CV408-310 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Once before in this case Juwan Hall unsuccessfully sought 28 U.S.C. § 2255 relief from his carjacking conviction. Doc. 73 (S.D. Ga. Sept. 25, 2015) (recommending that the district judge deny relief; noting that he had waived his direct and collateral appeal rights, the undersigned ruled that his § 2255 motion was time-barred), *adopted,* docs. 80 & 81.[1] Now he has filed a second § 2255 motion. Doc. 90. He argues that his career offender sentencing enhancement is void because, under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), two

---

[1] All citations are to the criminal docket in CR408-310 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

of his prior drug convictions no longer qualify as "serious drug offenses" under the Armed Career Criminal Act unconstitutional. Doc. 92 at 3.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Hall must not only ask the appeals court first, but that court must *grant* permission before he can come back here. For that matter, the Eleventh Circuit docket shows that Hall has not even exhausted his appeal from the court's ruling on his first § 2255 motion. Accordingly,

Juwan Hall's 28 U.S.C. § 2255 motion (doc. 90) should be **DISMISSED** as successive. *Smalls*, 2012 WL 1119766 at * 1 (a court "must dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing"). Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). The Court should also **DENY** his Motion for Leave to Appeal *In Forma Pauperis* the January 28, 2016 judgment denying his last § 2255 motion. Doc. 87; *see* doc. 84 (Order denying his application for a Certificate of Appealability on that score).

**SO REPORTED AND RECOMMENDED**, this  30th   day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA